[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
In a memorandum of decision dated July 13, 1999, the CT Page 14681 undersigned granted the defendant Bitter End Yacht Club's (Bitter End) motion to dismiss based on lack of personal jurisdiction. The undersigned later granted the plaintiffs' motion for reargument, limited to the question of whether the allegation contained in count 1, paragraph 4, of the December 31, 1998 complaint, to the effect that the defendant Bitter End repeatedly solicited business "by and through" the defendant Bitter End Yacht Club International's (Bitter End International) Connecticut offices and employees, satisfies the requirements of Connecticut General Statutes § 33-929 (1)(2).
At the reargument hearing, the plaintiff submitted numerous affidavits and other documents not made available at the time of the original hearing on the motion to dismiss. Taken together, these documents set forth sufficient facts to support the claim that the defendant Bitter End has repeatedly solicited business in Connecticut through the defendant, Bitter End International and its Connecticut office and employees. Bitter End allows Bitter End International to act as its reservations agent in Connecticut. See DeLuca v. Holiday Inns, CV 91-0393342S, 1993WL 512432 at 5-7 (Conn.Super.Ct. December 3, 1993). Bitter End has caused various brochures to be sent to individuals in Connecticut, including the plaintiffs, that specifically mention Bitter End International as one of its reservations agents. It even mailed such a brochure to the plaintiffs instructing recipients to make any contacts with Bitter End International's Connecticut office. See Gates v. Royal Palace Hotel, CV 98 66595S, 1998WL, 951002 (Conn.Super.Ct. December 30, 1998). Under these circumstances, Bitter End surely "could reasonably have anticipated being hauled into court here by some person who had been solicited in Connecticut . . ." Thomason v. ChemicalBank, 234 Conn. 281, 296 (1995).
Although the original wording of the complaint, (which said only that "upon information and belief" the defendant, Bitter End, had solicited business in Connecticut through Bitter End International's Connecticut office) was rather ambiguous, the additional material filed in connection with the reargument establishes that Bitter End does indeed solicit business in Connecticut through its United States reservation agent, Bitter End International. The court therefore does have personal jurisdiction over Bitter End pursuant to Connecticut General Statutes § 33-929 (f)(2). This court's prior order granting the motion to dismiss is therefore vacated, and the motion to dismiss is now denied. CT Page 14682
Jonathan E. Silbert, Judge